THORNTON C. SKINNER, Executor of the Estate of J. G.
SKINNER, Deceased, v. HENRIETTA COTTRILL, ET AL.,
Appellant.

**Wills.** CONSTRUCTION: ADVANCEMENTS. In the construction of the
will and codicil in question it is held that the language of the
will indicates an intention of the testator to distribute his prop-
erty among his children equally, upon the death of his wife,
and in doing so that advancements to certain of his children
should be deducted from their respective share, and in determin-
ing the extent of the estate the same were to be considered as
a part thereof. And it is also held that the codicil was intended
to charge the share of one of the heirs with certain advance-
ments, and in case her share of the personalty was not sufficient
to cover the same her interest in lands devised to her was to
be charged therewith.

*Appeal from Louisa District Court.—*HON. JAMES D.
SMYTH, Judge.

WEDNESDAY, OCTOBER 19, 1910.

J. G. SKINNER died testate September 23, 1908. His
will directed the payment of debts, gave the widow the
use of his estate during life in lieu of dower, bequeathed
to two granddaughters, the children of a deceased daughter,
$150 each, instructed the executor to deduct $200 advanced

to each of two sons from their respective shares of the estate, and;

5th.    All the rest of my property, real, personal and mixed, I give and bequeath share and share alike to Jas. L., William, J., Wylie, Hiram and Thornton C. Skinner, my five sons, and Nancy Brown,' Henrietta Cottrill and Anna Johnston, my three living daughters.    My executor shall not make division till after my wife's death, and in dividing my estate my executor shall, for the purpose of division, add thereto the $400 advanced by me to Jas. L. and William Skinner.

6th.    My executor shall have power to partition all real estate among my children and if in his judgment the same can not be divided into the requisite shares without injuring the same, he shall sell the same, after advertising for three weeks at public auction and execute a deed to the purchaser conveying full title and then shall divide the proceeds.

About five years thereafter he executed a codicil in words following:

I hold a note for $232 dated May 25, 1899, given by Henrietta Cottril and a note for $100 dated May 15, 1899, given by Geo. Cottril, to the Iowa State Bank of West Liberty and which I was compelled to pay Nov. 20, 1903, as surety, both of said notes shall be computed by my executor with interest at the rate provided therein up to the day for settlement, to wit, one year from the appointment of said executor.    That they shall be as to the amount then due treated as an asset and debt due my estate from Henrietta Cottril, and shall be deducted from above amount as though said amount to be determined in manner aforesaid had been advanced by me to her, and this shall be done whether said notes are produced by my executor after my death or not.    Should my estate consist in part of land, it is my will that any interest in my land left shall descend to said Henrietta Cottril subject to the aforesaid deduction.    Except as herein changed, I hereby reaffirm my original will.

The executor alleged that a dispute over the construction of the will had arisen, and prayed that the will be construed, contending that Henrietta Cottril was entitled to but an undivided one-eighth interest in the estate subject to the use of the widow and deductions of the amount of the notes described in the codicil, while Mrs. Cottril claimed to take thereunder title to any land deceased may have left subject only to the widow's life estate. The district court construed the will as the executor contended it should be, and Henrietta Cottril has appealed.—*Affirmed.*

*C. H. Pasley,* for appellant.

*C. A. Carpenter,* for appellee.

LADD, J.—The language of the will clearly evinces the testator's purpose of distributing his property equally among his eight living children upon the death of his wife. In doing this, advancements to James L. and William are not only to be deducted from their respective shares, but in determining the extent of the estate are to be considered a part thereof. Save as modified by the codicil, the will is by it expressly reaffirmed. This modification, after reciting the execution of a note of $232 by Henrietta Cottril to the testator and another of $100 executed by her husband which testator as surety was compelled to pay, directs that the amount of these notes, interest being computed to one year after the appointment of the executor, shall be treated as an asset of the estate due from Mrs. Cottril, "and shall be deducted from above amount as though the amount to be determined in the manner aforesaid had been advanced by me to her, and this shall be done whether these notes are produced by my executor after my death or not. Should my estate consist in part of land, it is my will that any interest in my land left shall descend to said Henrietta Cottril subject to the

aforesaid deduction except as herein changed." But for the provisions of the will, much difficulty might be experienced in construing the last sentence quoted. One-eighth of the testator's real estate had been devised to Mrs. Cottril, and, in speaking of "any interest in my land left," he must have had reference to its disposition in the will. The manifest design of the codicil was to charge her share of the estate with the amount of the notes as advancements, and to make sure of this in event her share of the personalty was not enough to cover the amount "any interest in my land left" (to her) was charged therewith. Though not free from doubt, we are satisfied such was the testator's intention, and the district court rightly so held.—*Affirmed.*